

6/12/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADANE KEBEDE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-01502 (UNA) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* template petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, however, a review of the petition reveals that he actually challenges his conviction pursuant to *id.* § 2254. Petitioner has also filed an application for leave to proceed *in forma pauperis* ("IFP"). The IFP application will be granted and his petition will be dismissed without prejudice for lack of jurisdiction.

Petitioner is a prisoner currently designated to the Federal Medical Center located in Devens, Massachusetts. On May 1, 2009, petitioner entered a guilty plea and was convicted in the Superior Court of the District of Columbia. He now seeks postconviction relief. He alleges that (1) the trial judge exhibited bias, (2) his trial attorney conspired with the prosecution to withhold an insanity defense and ignored evidence, (3) his trial attorney failed to initiate a timely first appeal and other postconviction motions, and (4) the Superior Court has failed to respond as desired to recent habeas petition(s). He seeks to set aside his conviction and requests monetary damages.[1]

---

[1] To the extent petitioner seeks monetary relief, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." Neither petitioner's conviction nor sentence has been overturned, therefore, he cannot seek damages.

Unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998); *Byrd*, 119 F.3d at 36–7 ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see also Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123–25 (D.D.C. 2011).

Petitioner indicates that he filed one or more motions pursuant to D.C. Code § 23-110(g), which were denied by the Superior Court. He also contends that he subsequently filed various appeals to the District of Columbia Court of Appeals, which were equally unsuccessful. He does not once specify that his local remedies were ineffective, rather, he broadly disagrees with the

merits of the decisions rendered and/or seeks to renew the same claims before this court, both of which are inappropriate.

As a general rule, applicable here, this court lacks jurisdiction to review the decisions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Further, a prisoner's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Petitioner has not successfully pled that his local remedy is inadequate to address his grounds for relief. Thus, this habeas action will be dismissed without prejudice for want of jurisdiction. A separate order accompanies this memorandum opinion.

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE:  June 12, 2020